UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CATHERINE E. YOUNGMAN, as Chapter 7
Trustee of the Estate of DOMINIK CHARKIEWICZ,

            Plaintiff,

                                      **ORDER**
           - against -                          11-CV-2521 (RRM) (SJB)

ROBERT BOSCH TOOL
CORPORATION; LOWE'S HOME CENTERS, INC.;
and LOWE'S COMPANIES, INC.,

           Defendant.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

## I.    BACKGROUND

This product liability action was reassigned to me from the Honorable Sandra L. Townes on November 22, 2017. Pursuant to a conference held on March 30, 2017, Judge Townes ordered trial to commence on January 8, 2018, and a final pre-trial conference for December 6, 2017 at 2:30 p.m.. (Minute Entry of 3/30/2017 ("Minute Entry Order").) Judge Townes furthered ordered:

> **ALL MOTIONS IN LIMINE MUST BE FILED AND BRIEFED BY NOVEMBER 29, 2017**. The parties are advised that, given the number of adjournments and extensions previously provided, *this deadline shall not be extended*.

(*Id*. (emphasis in original).)

On November 29, 2017, defendant Robert Bosch Tool Corporation ("Bosch") filed three extensive Motions in Limine (Doc. Nos. 126 – 129) seeking to preclude at trial expert testimony and other evidence sought to be introduced by plaintiff Catherine E. Youngman as Chapter 7 Trustee of the Estate of Dominik Charkiewicz ("Youngman"). Youngman did not file any Motions in Limine, and now complains, by letter from her attorney, Robert J. Epstein, filed on

November 29, 2017, that Bosch improperly filed its motions and asks that the Court "reject" them. (Epstein Ltr. (Doc. No. 130) at 3.) To the extent that the court declines to so do, Youngman suggests that she should be allowed to file opposition papers by December 4. (*Id*. at 1 and n.1.) Bosch, by letter from its attorney, Emilio F. Grillo, also filed on November 29, asks that its motions be deemed unopposed, and urges the Court to preclude Youngman from filing her own Motions in Limine as well as oppositions Bosch's Motions in Limine. (Grillo Ltr. (Doc. No. 129) at 2.)

For the reasons set forth below, the Court precludes Youngman from filing her own Motions in Limine, finding them to be untimely at this juncture. The Court will permit Youngman to file oppositions to Bosch's Motions in Limine by December 4, 2017.

## II. THE APPLICABLE SCHEDULING ORDERS

As noted above, Judge Townes set November 29 as the date for Motions in Limine to be "filed and briefed." This Minute Entry Order is wholly consistent with Judge Townes' Civil Pretrial and Trial Scheduling Order entered on May 20, 2016, which Order has governed filing dates for *all* trial "deliverables" (e.g., requests to charge, proposed voir dire, witness lists) unless otherwise modified by the Court. (Trial Scheduling Order (Doc. No. 111).) With respect to Motions in Limine, that Order provides:

> 5. **MOTIONS IN LIMINE,** if any, may be filed at any time so long as briefing is completed no later than seven (7) days prior to the pretrial conference. Motions in limine need not be bundled.

(*Id*. at 1) (emphasis in original).) November 29 is seven days prior to the final pretrial conference scheduled for December 6, and thus was selected by Judge Townes to provide the parties with the outside date by which motions in limine were to be filed pursuant to the Trial Management Order.

2

Also of critical importance here is the distinction in the Trial Management Order – and echoed in the Minute Entry Order – between *filing* and *briefing* a motion in limine.  The Trial Management Order allows parties to *file* the motion itself *at any time*, but in any event, *briefing must be completed no later than seven days prior to the pretrial conference*.  This plainly requires that *all briefing* be filed by this deadline, not just the filing of the motion itself.  This reading is underscored by the fact that the Order excuses parties from complying with Judge Townes' "bundling rule" ordinarily applicable to the filing of motions in civil cases pending before her.  (Individual Motion Practices and Rules, Judge Sandra L. Townes, Section III(C) at 3.)  This allows parties to file their respective papers when served, rather than in one "bundle" at the time the motion is fully briefed.  Thus, the Trial Management Order contemplates "rolling" submissions of the motion, opposition, and reply, with the fully briefed motion *completed no later than seven days prior to the pretrial conference*.  And of course, any thorough and thoughtful judge, as is Judge Townes, would certainly want to review all of the parties' arguments on a motion in limine at the final pretrial conference, and requiring rolling submission and complete briefing no later than seven days in advance gives the trial judge time to prepare for that discussion.

### III.    COMPLIANCE WITH THE COURT'S SCHEDULING ORDERS

Against this backdrop, a number of things are beyond dispute with regard to the motions in limine in this action.  First, by any measure, any party wishing to make a motion in limine was to do so, even for argument's sake, by November 29.  To date, Youngman has not filed or served any such motions, and the time to so do has expired.   Youngman is completely silent on the topic in her letter to the court – she neither indicates that she wishes to make such a motion, nor

asks to enlarge the time to so do. Thus, as Bosch requests, she is precluded from filing any motions in limine.

Second, Youngman concedes that the fully-briefed motion was to be filed by November 29. (Epstein Ltr. at 1) ("Defense counsel correctly states that pursuant to Judge Townes Minute order dated March 3, 2017, Motions[sic] in Limine fully briefed were due by November 29, 2017.") And both parties acknowledge that Bosch served its motions on November 17, 2017. (*Id*. at 2; Grillo Ltr. at 1.) However, Youngman argues that she should have until December 4, 2017 to file his opposition. The court will grant that request.

Rule 6(c)(1) of the Federal Rules of Civil Procedure contemplates that a written motion be served at least 14 days before the time specified for the hearing, except where otherwise specified by the court. In computing time under the same rule, the 14-day period for a motion served on November 17, as here, would run to Monday December 4, as the fourteenth day would fall on a Saturday. Youngman does not ask for this time to be enlarged. As such, any opposition to Bosch's motions in limine shall be filed and served by December 4, with a full courtesy copy delivered to chambers so marked by the same date.

Youngman's request to reject Bosch's motions are meritless. Counsel for Bosch reached out in an effort to ensure compliance with Judge Townes' November 29 deadline. Counsel for Youngman could have agreed on a briefing schedule during those discussions, or contacted the court himself to complain, as he does now, well before that deadline. He chose not to, instead weighing in at the eleventh hour (and only in response to Bosch's explanation as to why the motion was not fully briefed), hoping that he could convince the Court to reject what he claims are Bosch's untimely motions. That effort has not succeeded, and the Court has now given Youngman the full amount of time required under the Federal Rules to file her opposition.

## IV. CONCLUSION

For the foregoing reasons, Youngman is precluded from filing motions in limine. Bosch's motions in limine, filed on November 29, 2017 are deemed filed, and Youngman shall file her opposition papers by December 4, 2017. Upon review of the papers, the Court will advise whether any replies by Bosch are required.

In light of the extension of this deadline, and the reassignment of this action, the pretrial conference scheduled by Judge Townes for December 6, 2017 is adjourned to Wednesday, December 20, 2017 at 10:30 a.m. before the undersigned.

SO ORDERED.

Dated: Brooklyn, New York
December 1, 2017

*Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge